UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMANDA LUELLA D.,[1]<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MARTIN J. O'MALLEY,<br>Commissioner of Social Security<br>Administration,[2]<br>　　　　　Defendant. | Case No. 1:23-cv-00405-DKG<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

# INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for supplemental security income. (Dkt. 1). Having reviewed the Complaint, the parties' memoranda[3], and the administrative record (AR), the Court will reverse and remand the decision of the Commissioner for the reasons set forth below.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Martin J. O'Malley became the Commissioner of Social Security Administration on December 20, 2023. Fed. R. Civ. P. 25(d).

[3] The caption of Defendant's response brief lists "Brandy Lynn Ware" as the Plaintiff. (Dkt. 16 at 1). However, after the Court's review, the brief appears to be a response to the current Plaintiff's brief and Plaintiff being named incorrectly in the caption was a typographical error.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On April 29, 2020, Plaintiff protectively filed a Title XVI application for supplemental security income, alleging disability beginning on March 1, 2020. (AR 13). Plaintiff's application was denied initially and on reconsideration. A hearing was conducted on June 7, 2022, before Administrative Law Judge ("ALJ") Davis Willis. (AR 13).[4]

After considering testimony from Plaintiff and a vocational expert ("VE"), the ALJ issued a written decision on July 27, 2022, finding Plaintiff not disabled. (AR 13-24). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

On the alleged disability onset date, Plaintiff was twenty-nine years of age. Plaintiff has at least a high school education with past relevant work experience as a stocker. (AR 23). Plaintiff claims disability due to physical and mental impairments including bipolar disorder, anxiety/panic disorder, attention deficit disorder ("ADD"), mild intellectual disability, obesity, and chronic low back pain with polyneuropathy. (AR 38).

---

[4] The hearing was conducted with the consent of the Plaintiff via online video due to the Coronavirus Pandemic of 2019. (AR 13).

# THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520 and 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 15). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: degenerative disc disease of the lumbar spine, morbid obesity, bipolar disorder, ADD/ADHD, social anxiety disorder, and borderline personality disorder. (AR 15). The ALJ found Plaintiff's borderline intellectual functioning condition to be non-severe. (AR 15).

At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 16). The ALJ next found Plaintiff retained the Residual Functional Capacity ("RFC") for light work with the following conditions:

> [Claimant can] can occasionally climb ramps and stairs. She can occasionally climb ladders, but no ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch, or crawl. She can never work at unprotected heights or around moving mechanical parts. She would be limited to performing simple, routine, repetitive tasks, but not at a production rate pace (e.g., quota type work or assembly line work). She would be limited to simple work-related decisions utilizing judgment or dealing with changes in

**MEMORANDUM DECISION AND ORDER - 3**

the work setting. She can have superficial contact up to the occasional level with supervisors and coworkers but would not interact and respond appropriately with the general public.

(AR 18).

At step four, the ALJ found Plaintiff unable to perform any past relevant work. (AR 23). At step five, the ALJ determined that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as marker, collator operator, and laundry worker. (AR 24). Therefore, the ALJ found Plaintiff not disabled. (AR 24).

## ISSUES FOR REVIEW

1. Whether the ALJ erred at step five by finding that there were a significant number of jobs in the national economy that Plaintiff could perform.[5]

2. Whether the ALJ properly considered Plaintiff's subjective symptom statements.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id*.

---

[5] The Court would normally address arguments in the five-step sequential order used by the ALJ, but here, the Court will address Plaintiff's arguments in the order she presents them in her brief.

**MEMORANDUM DECISION AND ORDER - 4**

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id.*

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id.*

## DISCUSSION

### 1. Step Five

Plaintiff first argues that the ALJ failed to meet his burden at step five to show that Plaintiff can perform a significant number of jobs that exist in the national economy. (Dkt. 15 at 9). Plaintiff alleges that the RFC limitation of having superficial, incidental contact at the occasional level with supervisors and coworkers is inconsistent with full-time, competitive, unskilled work. *Id.* More specifically, Plaintiff states that the superficial contact limitation provided by the ALJ during the hearing is inconsistent with a claimant's ability to respond appropriately to criticism. *Id.*  Defendant contends that the VE identified three occupations Plaintiff could perform, which considered all RFC limitations, including occasional superficial, incidental contact with supervisors and coworkers, and therefore, there was substantial evidence to support the ALJ's finding at step five that Plaintiff was not disabled. (Dkt. 16 at 2).

A. **Testimony at the Hearing**

Plaintiff points to both the ALJ's and VE's responses during the hearing regarding the meaning of superficial contact, in support of her argument. The ALJ provided the VE with a hypothetical containing all of Plaintiff's RFC limitations, including superficial, incidental contact with coworkers and supervisors up to the occasional level. (AR 54). The VE provided three representative occupations that Plaintiff could perform including all limitations in the hypothetical, as well as requiring only occasional superficial, incidental contact with coworkers and supervisors. (AR 55).

Initially, Plaintiff's counsel asked if the VE would agree that a basic mental activity required in all jobs is the ability to respond appropriately to criticism from supervisors, to which the VE agreed. (AR 57). Counsel then asked the VE "what about criticism from a supervisor is superficial?", to which the VE stated she did not understand the question. (AR 57). The ALJ interjected in an attempt to explain the question to the VE, stating that the type of superficial interaction he referred to in providing the hypothetical did not include criticism of the employee. (AR 57). After some back and forth where the VE again stated she did not understand the line of questioning, Plaintiff's counsel again asked, "what about criticism in any regard is considered superficial?" (AR 59). The ALJ again interjected, asserting that counsel was asking the VE to define criticism in superficial, incidental contact, which is a speculative question, not a valid vocational question that the VE could answer. (AR 59). The ALJ then stated, "there is

**MEMORANDUM DECISION AND ORDER - 6**

nothing superficial or incidental about criticism from a supervisor.[6]" (AR 59).

The ALJ goes on to state that criticism from a supervisor was not part of the hypothetical he provided to the VE and the VE does not have a basis to define criticism in superficial contact. (AR 59-60). Plaintiff's counsel stated it was his understanding that any contact with supervisors and coworkers, by the limitation, is required to be superficial and incidental. (AR 60). The ALJ again attempted to clarify the line of questioning for the VE, and asked, in her experience, to describe the type of interaction between an employee and a supervisor on a normal day in relation to the representative jobs provided by the VE. (AR 60). The VE opined that there would not be significant contact. (AR 60).

The VE further explained that requiring more than occasional interaction or supervision, whether that be in the form of criticism or other types of interaction, would be more of a sheltered work environment instead of a competitive one. (AR 60). The VE then confirmed that as far as the jobs she provided based on the hypothetical, whether the employee has superficial, incidental, or deliberate contact, it would still only be at the occasional level. (AR 61).

## B. Analysis

The ALJ bears the burden at step five to establish that work exists in significant numbers in the national economy that Plaintiff can perform. *Beltran v. Astrue*, 700 F.3d

---

[6] Plaintiff's brief attributes this statement during the testimony to the VE, but from viewing the transcript included in the administrative record filed with the Court, this statement was instead made by the ALJ. (Dkt. 15 at 9); (AR 59).

**MEMORANDUM DECISION AND ORDER - 7**

386, 389 (9th Cir. 2012). "In making disability determinations, [the ALJ relies] primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy." SSR 00-4p, 2000 SSR LEXIS 8. The ALJ also relies on a VE to resolve complex vocational issues. *Id.* When soliciting the VE's opinion regarding a claimant's ability to work, the ALJ poses a hypothetical to the VE that must include "all of the claimant's functional limitations, both physical and mental" supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). If the VE's testimony conflicts with the DOT, the ALJ must obtain a reasonable explanation for the conflict, otherwise, "[a] VE's recognized expertise provides the necessary foundation for his or her testimony. . . [t]hus, no additional foundation is required." *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005)).

As noted above, the ALJ found at step five that Plaintiff could perform the representative jobs of marker, collator operator, and laundry worker. (AR 24). To reach this finding, the ALJ relied on the testimony of the vocational expert, who stated that a person with the limitations set forth in Plaintiff's RFC could perform these jobs, which qualify as unskilled work. (AR 24, 55). The expert testified that to the extent social restrictions, including contact that is "superficial to occasional with supervisors and co-workers and no public [*sic*]", were not contained within the DOT, the expert relied on her years of knowledge, training, and experience to support her testimony. (AR 56-57).

Plaintiff's argument rests on the Social Security Program Manual System ("POMS") listing of mental requirements necessary for unskilled work, including

**MEMORANDUM DECISION AND ORDER - 8**

responding appropriately to supervision, coworkers, and work situations, and that requirement specifically mentions the ability to "respond appropriately to criticism from supervisors." SSA POMS DI 25020.010(A)(3)(a) and (B)(2)(c). Plaintiff contends that because she is limited to superficial interactions with supervisors, she does not have the ability to respond appropriately to criticism from supervisors, and therefore is unable to perform unskilled work.

Initially, the Court notes that agency policy set forth in the POMS, on which Plaintiff's argument rests, has not been found to impose judicially enforceable duties on the Court or the ALJ. *Carrillo-Yeras v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011); *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010). Moreover, the ALJ made no finding during the hearing or in the decision that Plaintiff would be unable to respond appropriately to criticism from supervisors. Although the ALJ found that Plaintiff has a moderate limitation in her ability to interact with others, which Plaintiff does not dispute, that alone does not support a finding that she is unable to respond appropriately to criticism. (AR 17). Further, Plaintiff does not point to anything in the record as evidence of her inability to respond appropriately to criticism. (Dkt. 15 at 9-10).

The ALJ here determined Plaintiff was capable of superficial, incidental contact with supervisors up to the occasional level. (AR 18). Courts have generally concluded that a limitation to occasional, superficial contact with supervisors is not inconsistent with an ability to perform unskilled work. *Justin D.Y. v. Kijakazi*, 2023 U.S. Dist. LEXIS 127569, at *10 (C.D. Cal. Jul. 21, 2023); *Remer v. Berryhill*, 2018 U.S. Dist. LEXIS

106853, at *15-16 (S.D. Cal. Jun. 26, 2018) (rejecting the argument that the RFC limitation of occasional superficial interactions with coworkers and supervisors was inconsistent with an ability to perform unskilled work); *Wagner v. Berryhill*, 2018 U.S. Dist. LEXIS 138262, at *11 (C.D. Cal. Aug. 14, 2018) (same); *Markell v. Berryhill*,. 2017 U.S. Dist. LEXIS 203447, at *28 (N.D. Cal. Dec. 17, 2017) (same).

Plaintiff cites to *Mawyer v. Berryhill*, in support of her contention that superficial interactions are inconsistent with unskilled, competitive work. 2019 U.S. Dist. LEXIS 43707, at *18 (D. Nev. Feb. 28, 2019) (citing *Sherman v. Colvin*, 2016 U.S. Dist. LEXIS 169965, at *15 (D. N. H. Dec. 8, 2016); (Dkt. 15 at 9-10). However, that court illustrated the scant case law addressing the meaning of superficial interactions as a social limitation and ultimately found that when an ALJ concludes that a claimant is functionally limited to superficial interactions, "[the ALJ] must adduce testimony from a vocational expert that there are other jobs that the claimant can perform with such a limitation." *Mawyer*, 2019 U.S. Dist. LEXIS 43707, at *21.  Here, the ALJ did just that. The VE opined that someone with Plaintiff's RFC, including the limitation of occasional superficial interactions with supervisors, would be capable of performing the representative occupations identified by the VE. (AR 54-55). At step five, the ALJ then relied on the testimony of the VE to conclude that Plaintiff has the residual functional capacity to perform the occupations of marker, collator operator, and laundry worker. (AR 24); *Barnhart*, 278 F.3d at 956 (considering VE testimony reliable if the hypothetical posed includes all of claimant's functional limitations, both physical and mental, supported by the record).

**MEMORANDUM DECISION AND ORDER - 10**

Plaintiff further argues that the ALJ's statement during the hearing, that criticism was not part of the hypothetical offered by him to the VE, leaves an unclear record. (Dkt. 15 at 9-10). However, the record is clear that the VE testified that a person with Plaintiff's RFC could perform three representative occupations in the national economy. (AR 55). Therefore, Plaintiff's assertion that "there is no testimony in this case from the VE that an individual who is limited to superficial and incidental interaction with supervisors would be able to perform the jobs" identified at step five, is a mischaracterization of the record. (Dkt. 15 at 10).

Additionally, the VE agreed with Plaintiff's counsel initially that responding appropriately to criticism is a basic requirement of competitive work. Therefore, Plaintiff's RFC limitation of occasional superficial contact with supervisors, at least from the VE's perspective, did not remove the potential for criticism in the workplace. (AR 57) and supports the VE's opinion that someone restricted to superficial contact with supervisors could perform the three representative occupations. The Court finds that the ALJ properly relied on the VE's testimony regarding the social limitations in the RFC to meet his burden at step five.

However, even if there was error at step five based on the ALJ's response to the question of whether superficial contact includes criticism, it would be harmless because the VE testified that Plaintiff was able perform the representative jobs, which would include the requirement of responding appropriately to criticism. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) ("We recognize harmless error applies in the Social Security context"); *Shineki v. Sanders*, 556 U.S. 396, 406 (2009)

**MEMORANDUM DECISION AND ORDER - 11**

("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."). An error can be considered harmless if "it can confidently conclude that no reasonable ALJ . . . could have reached a different disability determination." *Stout*, 454 F.3d at 1054.

Here, even though the ALJ did not state that responding to criticism from supervisors was a basic requirement for unskilled competitive jobs, the ALJ's conclusion is the same. If the ALJ had made that explicit statement and agreed with Plaintiff's interpretation, he still would have relied on the VE's testimony to ultimately find that Plaintiff could perform the representative occupations of marker, collator operator, and laundry worker. *Id.* at 1055 (finding legal errors are harmless if they are inconsequential to the non-disability ruling). Therefore, the Court finds that the ALJ appropriately relied on the VE's hearing testimony to find that Plaintiff could perform jobs that exist in substantial numbers in the national economy and any error at step five is harmless. *See Bayliss*, 427 F.3d at 1218 (citing *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1986) (The ALJ's reliance on VE testimony was proper where the hypothetical contained all Plaintiff's limitations that were found credible and supported in the record.)).

2. **Plaintiff's Symptom Statements**

Plaintiff next argues that the ALJ failed to provide specific, clear and convincing reasons to disregard her subjective symptom statements. (Dkt. 15 at 10). Defendant maintains that the ALJ provided legally sufficient reasons to reject Plaintiff's statements and the ALJ's conclusion was supported by substantial evidence in the record. (Dkt. 16 at 4).

**MEMORANDUM DECISION AND ORDER - 12**

Where the record contains objective medical evidence "establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which [s]he complains" and there has not been an affirmative finding of malingering, a claimant's subjective symptom testimony may only be rejected for clear and convincing reasons. *Carmickle*, 533 F.3d at 1160. The clear and convincing standard does not require this Court to be convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ summarized Plaintiff's functional report where she alleged her physical and mental impairments cause symptoms affecting her ability to focus, walk, bend, stand, do dishes, and work with others. (AR 19, 256-63). She stated that she engages in some household chores and her days consist of napping and taking care of her son. *Id.*

The ALJ first determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 19). The ALJ found that "while there is some evidence to support [Plaintiff's] allegations, the objective evidence as well as [Plaintiff's] own activities and self-reports do not establish that she is as limited as alleged. (AR 19).

The ALJ summarized the medical records regarding Plaintiff's degenerative disc disease and obesity and evaluated the medical opinion of agency consultant Spackman. (AR 19-20). Then, the ALJ summarized the medical records relating to Plaintiff's mental health impairments. (AR 20-22). After summarizing Plaintiff's medical records and

**MEMORANDUM DECISION AND ORDER - 13**

functional report, the ALJ concluded that:

> [t]he minimal objective findings and conservative treatment measures as well as claimant's ability to work[7] are indicative of her ability to perform work at the light exertional level with additional postural environmental, and mental limitations as provided in the residual functional capacity above.

(AR 22).

The ALJ pointed to "minimal objective findings and conservative treatment measures" to support his finding that Plaintiff is able to engage in work at the light exertional level and that her symptom statements should be rejected. (AR 22). Minimal objective evidence and conservative treatment are factors that may be relied upon by the ALJ in discrediting a claimant's testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). However, here, the ALJ does not provide any additional support for discrediting Plaintiff's symptom statements. The ALJ instead "drifts into a discussion of the medical evidence," *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014), followed by conclusory recitations of conservative treatment and limited objective findings as support for rejecting her testimony. (AR 19-22). The ALJ's discussion entirely fails to explain "which testimony he found not credible and what evidence suggested that the particular testimony was not credible." *Connett v. Barnhart*, 340 F.3d 871, 873-74 (9th Cir. 2003) (the ALJ's finding essentially leaves this Court to sift through the decision to make those connections);

---

[7] There is no indication in the record that Plaintiff had been working during the period at issue. The ALJ determined Plaintiff had not engaged in substantial gainful activity since the application date of April 29, 2020. (AR 15). Further, Plaintiff's wage-earning records show her most recent earnings were from 2018. (AR 244).

*Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) ("[P]roviding a summary of medical evidence. . . is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible.").

Further, Defendant argues the ALJ pointed to evidence in the record regarding Plaintiff's symptom improvement with treatment. (Dkt. 16 at 4). However, the ALJ does not find in the decision that any improvement with treatment was a specific reason to reject Plaintiff's symptom statements. (AR 19-20). The relevant portion of the decision cited to by Defendant is simply a summary of Plaintiff's medical records that make no connection to Plaintiff's testimony. (Dkt. 16 at 4-5). The Court cannot rely on reasoning not provided within the decision. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

The ALJ also found Plaintiff's testimony about the severity of her symptoms to be inconsistent with her own activities and self-reports. (AR 19); *Garrison*, 759 F.3d at 1016 (stating a claimant's activities have "bearing on [her] credibility" if the reported level of activity is "inconsistent with [the claimant's] claimed limitations"). ALJ's have been repeatedly warned to be cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would preclude work and all the pressures of a workplace environment will often be inconsistent with doing more than merely resting all day. *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996).

Plaintiff reported that her activities involve taking care of her son, napping, listening to music and gaming; she also stated that while she doesn't get around much, she attempts to perform household chores when she can. (AR 256-63); *Fair v. Bowen*,

**MEMORANDUM DECISION AND ORDER - 15**

885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). The ALJ provided no explanation for how these activities translate to Plaintiff's ability to engage in full-time work, even at the light exertional level. (AR 19-22). The ALJ also does not provide any specific examples of what activities were inconsistent with which parts of Plaintiff's symptom testimony. *Id.* at 1010. Given the lack of clear and convincing reasoning provided by the ALJ to demonstrate that Plaintiff's statements should be disregarded, the Court finds the ALJ's finding is not supported by substantial evidence in the record.

The ALJ did not provide a rational explanation to disregard Plaintiff's symptom testimony, articulate that explanation, or provide substantial evidence to support his conclusion. *Padilla v. Commr. Of Soc. Sec. Admin.*, U.S. Dist. LEXIS 170918, at *18 (D. Ariz. Oct. 3, 2018) (citing *Trevizo v. Berryhill*, 871 F.3d 664, 682 n.10 (9th Cir. 2017) (finding error where "the ALJ failed to connect [objective] evidence, or lack of evidence to [his] rejection of any particular limitation"). Accordingly, the Court finds that the ALJ failed to provide specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony, and such failure was error.

## CONCLUSION

Based on the foregoing, the Court concludes that the ALJ harmfully erred in discrediting Plaintiff's subjective symptom testimony. Accordingly, the decision of the Commissioner must be reversed. The decision whether to remand for further proceedings or award immediate benefits is within the discretion of the Court. *Trevizo*, 871 F.3d at

682. Remand for a direct award of benefits is generally proper where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed. *Id.* at 682-83. However, in cases where further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman v. Apfel*, 211 F.3d 1172, 1179-81 (9th Cir. 2000). Generally, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

Here, the ALJ erred by failing to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony. The circumstances presented in this case suggest that further administrative review could remedy the Commissioner's error. *Burrell*, 775 F.3d at 1141 (Remand is proper where "the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Accordingly, the Court finds it appropriate to reverse and remand for further administrative proceedings.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1) The decision of the Commissioner of Social Security be **REVERSED**;

2) This action be **REMANDED** to the Commissioner for further proceedings consistent with this opinion;

3) The Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir.

**MEMORANDUM DECISION AND ORDER - 17**

2002); and

4) Judgment be **ENTERED** in favor of Plaintiff.

DATED: July 11, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge